IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-01903-CMA

TAMMY L. SCHMER,

 Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

 Defendant.

---

**ORDER DENYING MOTION FOR ATTORNEYS' FEES PURSUANT
TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA)**

---

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under the Equal Acess [sic] to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. # 28). Plaintiff filed the instant motion on September 1, 2011, following this Court's Order reversing and remanding the Commissioner's denial of Plaintiff's application for disability benefits. The Commissioner responded on September 8, 2011. (Doc. # 29.) Plaintiff has not replied. For the reasons stated below, Plaintiff's Motion is denied.

**I. BACKGROUND**

The facts and procedural history of this case are set out at length in the Administrative Record (Doc. # 7) and the Court's written Order (Doc. # 26). A short recap follows.

Plaintiff's application for Social Security Disability Benefits was denied by the Commissioner, a decision later affirmed by an Administrative Law Judge ("ALJ"). Plaintiff subsequently appealed to the district court. After hearing oral argument on July 1, 2011, the Court found that the ALJ had erred by failing to explain why he chose not to include a limitation in his residual functional capacity ("RFC") assessment to account for Dr. Sepeideh Nouhi's opinion that Plaintiff should avoid activities requiring repetitive neck rotation. The Court directed the parties to submit supplemental briefing on whether this error was harmless. After considering the supplemental briefing (Doc. ## 24, 25), the Court found that the ALJ's error was not harmless because it was conceivable that Plaintiff would not be able to perform the work identified by a vocational expert ("VE") if the RFC had included a limitation precluding Plaintiff from repetitively rotating her neck. *See Schmer v. Astrue*, No. 10-cv-01903, 2011 WL 3331446, at *5 (D. Colo. Aug. 2, 2011). Thus, the Court reversed and remanded the case "to allow the ALJ opportunity to determine whether such a limitation should be included in his RFC assessment, and if so, whether Plaintiff would still be able to perform the jobs identified by the VE." *Id.*

## II. ANALYSIS

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances

that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

The Commissioner does not dispute that Plaintiff is a prevailing party and does not assert any special circumstances, thus, the only issue is whether the Commissioner's position was substantially justified. Although this Court has already found that the ALJ committed reversible error, an EAJA analysis requires a fresh look. *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988) (noting that the government's "position can be justified even though it is not correct"). The government's position must be "justified to a degree that could satisfy a reasonable person." *Id*. at 565. In other words, "the government must prove that its case had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). It is the government's burden to show that its position was substantially justified. *See Hackett v. Barnhart*, 475 F.3d 1166, 1173 (10th Cir. 2007).

Plaintiff contends that the Commissioner's position was not substantially justified because the ALJ failed to follow Social Security Ruling 86-8p, which requires the ALJ to explain why an opinion from a medical source was not adopted if it conflicts with the ALJ's RFC assessment. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). However, "[t]he mere fact that there was error in the ALJ's decision does not make the agency's position unreasonable." *Veltman v. Astrue*, 261 F. App'x. 83, 86 (10th Cir. 2008).

The Court finds that the Commissioner has met its burden of showing that its position was substantially justified. Crucially, the Court did not find that the ALJ's failure to include a limitation precluding Plaintiff from rotating her neck (or to explain why such a limitation was not included) was necessarily prejudicial. To the contrary, the Court observed that "there is a strong possibility that the error was, in fact, harmless." *Id.* at 10. Given the "strong possibility" that the error was harmless, the Commissioner's position that the error was harmless was substantially justified.

Accordingly, it is ORDERED that Plaintiff's Motion for Attorney Fees Under the Equal Acess [sic] to Justice Act (Doc. # 28) is DENIED.

DATED: October   14  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge